AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Kansas

FILED
U.S. District Court
District of Kansas

MAY 14 2021

Clerk, U.S. District Court
By _____ Deputy Clerk

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

a black Amazon Kindle, further described in Attachment A, currently located at 1211 S. Emporia, Wichita, Kansas

Case No. 21-M-6077-01-KGG

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____Kansas_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2251 | Production of Child Pornography |
| 18 U.S.C. 2252/2252A | Offenses relating to the Possession/Distribution of Child Pornography |

The application is based on these facts:

See Attached Affidavit of Probable Cause.

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

John V. Ferreira, SA, HSI
*Printed name and title*

Sworn to before me and signed ~~in my presence~~ telephonically.

Date: 5-14-21

_____
Judge's signature

City and state: Wichita, KS

The Honorable Kenneth G. Gale
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A SEARCH WARRANT

I, John V. Ferreira, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent ("SA") of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") since 2004 and am currently assigned to the Kansas Internet Crimes Against Children Task Force (ICAC). Previous to my employment with HSI, I was a state trooper/detective with the Arizona Department of Public Safety for nine (9) years. While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience through training and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A, and I am authorized by law to request a search warrant.

2. As will be shown below, there is probable cause to believe that Randy Sporn has used a computer device to produce, distribute, receive, and possess child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I submit this application and affidavit in support of a search warrant authorizing the search of a device, further described in Attachment A, which has been identified as belonging to Randy Sporn, and provided to law enforcement, by the roommate of Randy Sporn living at 3150 S. Mount Carmel, Wichita, KS. The device in Attachment A is currently located at the Kansas Internet Crimes Against Children (ICAC) Task Force offices at

1211 S. Emporia, Wichita, Kansas. I seek authorization to examine the device to seize evidence, fruits, and instrumentalities of the foregoing criminal violations, which relate to the production, distribution, receipt, and possession of child pornography, as further described in Attachment B.

3. The statements in this affidavit are based in part on information provided by other law enforcement officers, including Wichita Police Department/Sedgwick County Sheriff investigators, and on my review and investigation into this matter. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2251 (production of child pornography), 2252A(a)(2) (distribution/receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography) are presently located at the RESIDENCE described in Attachment A.

## PROBABLE CAUSE

4. The facts supporting probable cause for the search of the device incorporates the facts relied on in three (3) prior related search warrants, all of which are incorporated herein by express reference (21-6023-GEB, relating to the residence of Randy Sporn, 21-6024-GEB, relating to the workplace of Randy Sporn, and 21-6029-GEB, relating to some digital devices belonging to Randy Sporn).

5. Highly summarized, Twitter had reported two accounts, mikeyfromtumbl1 and Survivinglife8, both of which had been identified by Twitter as engaging in the suspected trafficking of child pornography. The Survivinglife8 account was found to contain

Page **2** of **16**

communications with a 17 year old, wherein the minor was persuaded, induced, and used to produce images depicting the minor engaged in sexually explicit conduct. Both accounts were connected through IP addresses to both the residence and workplace of Randy Sporn. The Survivinglife8 account was connected to Randy Sporn's phone (as a verified phone number for the account). The particulars underlying this summary are contained in the affidavits of probable cause supporting the search warrants (21-6023-GEB, relating to the residence of Randy Sporn, and 21-6024-GEB, relating to the workplace of Randy Sporn).

      6.     Search warrants for the residence and workplace of Randy Sporn were executed on March 11, 2021. At his residence, Randy Sporn was aware of law enforcement's presence at the door and asked them to wait before opening the door. Sporn's phone was subsequently found hidden under a couch.

      7.     Though Sporn's phone has not yet been examined (due to PIN encryption), the SD card in the phone was not encrypted and able to be examined. Examination of the SD card in Sporn's phone revealed the presence of:

      a.     One image (ending with the number 5357.jpg) depicted an adult or late teenaged male lying on his back on a bed. A male child, who appears under the age of 12, is performing oral sex on his penis.

      b.     One image (ending with 6ea2.jpg) depicted a male child who appears under the age of 18 seated in a chair naked. His erect penis is the focus of the image.

      c.     One image (ending with 63c9.jpg) depicted two male children, who appear under the age of 15, are lying on a bed naked with their penises exposed.

      8.     Randy Sporn was arrested and charged by complaint in 21-MJ-06027-GEB. (The affidavit in support of that complaint is incorporated herein by express reference).

9.      A third search warrant (21-6029-GEB) was issued and served related to a black Samsung smartphone with a cracked screen, a purple Lexar thumb drive, a green Lexar 32 GB thumb drive, a blue Easy Store thumb drive 128 GB with an attached USB connector, 2 black Cruzer Glide 16 GB thumb drives, two black Cruzer Glide Thumb Drives with size-labeling worn off, and a Samsung SD Adapter for Micro SD card containing a Samsung 256 EVO Plus Micro SD Card. These items were provided to Detective Neal by the roommate of Randy Sporn, Nathanael Roubideaux. The relative facts are outlined within the search warrant affidavit, but in short, the items were first located by Kimberley Bettencourt at the direction of Randy Sporn, who requested she put the items away to avoid detection. Bettencourt, who did not want anything to do with the potential contents of these items, then provided them to Roubideaux. These items were then provided to Det. Neal.

10.     On March 29, 2021, Det. Neal received a call from Roubideaux. Roubideaux advised he had a tablet that was found in Randy Sporn's dresser to give to Det. Neal.

11.     Det. Neal drove to 3150 S. Mt. Carmel and spoke with Roubideaux. Roubideaux walked Det. Neal back to Randy Sporn's bedroom and showed her the dresser and the drawer that the tablet was located in. He told Det. Neal that Kimberly Bettencourt had located it inside the dresser after looking for some CPAP equipment, which is a breathing device used by persons while they sleep, for Randy Sporn. Det. Neal collected the tablet, which was a black Amazon Kindle. She later spoke directly with Bettencourt, who confirmed she had been directed by Randy Sporn to look for CPAP equipment. Bettencourt located the tablet while she was looking for the CPAP equipment.

12. Because the black Amazon Kindle was reportedly used by Sporn during the time period of activity on Twitter, there is a likelihood that the device contains evidence of the crimes under investigation and activities on Twitter, for the reasons discussed below.

13. Likewise, because the digital device is capable of storing images or videos, and child pornography has been found on other digital devices associated with Sporn, there is probable cause to believe this digital device may similarly contain evidence of the crimes under investigation.

**CHILD PORNOGRAPHY COLLECTOR CHARACTERISTICS**

14. From my training and experience, I know that individuals who are interested in the sexual exploitation of children will often seek out other likeminded individuals, for the purposes of normalizing their interest, discussing historical or planned child sexual abuse, and/or advertising the trade of child pornography. In this instance, as detailed in the search warrants incorporated by reference, the operator of the "mikeyfromtumblr1" and "Survivinglife8" accounts appear to have sought out likeminded individuals, as well as minors, via multiple social media applications, for the purpose of discussing and obtaining child pornography.

15. From my training and experience, I know that individuals who are interested in the sexual exploitation of children will frequently utilize digital devices to access the internet to seek, obtain, and traffic in child pornography, and that the device(s) used by such individuals will retain evidence and artifacts of such activity. In this instance, as detailed in the search warrants incorporated by reference, the operator of the "mikeyfromtumblr1" and "Survivinglife8" accounts had accessed the accounts from Sporn's residence and workplace, indicating either multiple

devices are being used or that a mobile device was being used, or both. Because the device was reportedly operated during the same time period as reported by Twitter, and is likely to contain information regarding the operation of these accounts or to contain evidence of the crimes and activities under investigation.

16. I also know that individuals who are interested in the sexual exploitation of children will protect and retain child pornography for long periods of time.[1] Typically, the individual will keep the device(s) close-by, in part for immediate access for sexual gratification and to maintain secure control over the contraband material. In this instance, as detailed in the search warrants incorporated by reference, records from Twitter indicate repetitious and continuous access and operation of multiple accounts used to advertise the user's interest in the sexual exploitation of middle-to-high school aged (minor) boys. Moreover, communications in the "Survivinglife8" account revealed the user's practice of saving images of minor boys engaged in the lascivious exhibition of genitals or other sexually explicit conduct. The process of saving images was also evinced by evidence found on an SD card in Sporn's Samsung Galaxy S9 phone. For this reasons,

---

[1] *See United States v. Shields,* 458 F.3d 269, 279 (3d Cir. 2006) (noting nine month delay in applying for search warrant would not have supported staleness challenge due to context of child pornography offender behavior along with evidence of continuing offenses); *United States v. Schesso,* 730 F.3d 1040 (9th Cir. 2013) (finding delay of 20 months did not render probable cause stale in context of investigation); *see also United States v. Allen,* 625 F.3d 830, 842-43 (5th Cir.2010) (holding that an 18-month delay between when defendant sent child pornography images through a peer-to-peer networking site and issuance of a search warrant did not render the information stale); *United States v. Morales-Aldahondo,* 524 F.3d 115, 117-19 (1st Cir.2008) ( concluding that the passage of over three years since the acquisition of information that defendant's brother, who shared defendant's residence, had purchased access to various child pornography websites, did not render that information stale).

it is probable that Sporn used the other devices, such as the Kindle tablet in Attachment A, for similar purposes and that evidence of the crimes under investigation may be found thereon.

17.  From my training and experience, I know that individuals who engage in communications with other individuals relating to the sexual exploitation of children will frequently retain information about these contacts, which can be used later to obtain access to other groups or forums relating to child pornography, or for exchanging additional child pornography. In this instance, the user of these accounts advertised and announced he was a user on another service, Tumblr. As his communications about those activities revealed, his Tumblr account was similarly used to engage in the sexual exploitation of middle-to-high school aged (minor) boys. Evidence of these contacts will likely be retained on the black Samsung phone, which was observed being used by Sporn during the period of activity reported by Twitter.

18.  Based on the conduct reported by Twitter and revealed in the communications of the operator of the accounts, and based on my observation of child pornographer characteristics, I believe that the operator of the "mikeyfromtumbl1" and "Survivinglife8" accounts evinces the qualities associated with child pornographers, outlined above. The above facts indicate that the operator of the accounts has created more than one social media account to obtain or request child pornography. Because of the user's operation of multiple social media accounts to traffic in or solicit production of child pornography, I believe the user evinces characteristics common to child pornographers, including retaining child pornography for long periods. I expect the device(s) used by operator of the accounts described above have previously (and will probably still contain, as discussed below) additional child pornography, links to child pornography websites, or artifacts

Page 7 of 16

showing access to child pornography. I further expect the device(s) used by or in the possession of the user will probably contain evidence of communications, or attempts to communicate, with other individuals interested in the sexual exploitation of children, i.e., child pornographers.

## COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

19.     As described above and in Attachment B, this application seeks permission to search for evidence of the crimes under investigation that might be found on the device identified above and described in Attachment A, in the form of data and information contained on the devices.  Thus, the warrant applied for would authorizes examination of the device for electronically stored information, either here in Wichita or through an assisting agency located elsewhere in the United States, all under Rule 41(e)(2)(B).

20.     Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet.  Electronic files downloaded to a storage medium can be stored for years at little or no cost.  Even when files have been deleted, they can be recovered months or years later using forensic tools.  This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten.

21.     As further described in Attachment B, this application seeks permission to search the device which may have been used in the commission of the crimes under investigation and to examine those devices to locate: a) computer files that might serve as direct evidence of the crimes described on the warrant, and b) forensic electronic evidence that establishes how the devices were used, the purpose of their use, who used them, and when.

22.     Information stored within electronic storage media may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. There is probable cause to believe that this forensic electronic evidence (relating to the who, when, and how of the device's use) will be on any storage medium because:

   a. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Put into context in this case, because the USB flashdrives are capable of being used on the desktop computer at Sporn's work, the contents of the USB flashdrives may complete the picture of how the workplace computer was used, by whom, and when for what purpose.

   b. Information stored within a computer or storage media (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the computer or storage media. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. Additionally, some information stored within electronic storage media may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a device may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The existence of such image files, along with external device connection logs, may also

Page 9 of 16

      indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera). The geographic and timeline information described herein may either inculpate or exculpate the user.

    d. Information stored within a device may provide relevant insight into the computer user's state of mind as it relates to the offense under investigation. For example, a saved webpage explaining how to download material may indicate criminal planning. Similarly, an executable file for a "wiping" program to destroy evidence may reveal consciousness of guilt. Folder tiles or organizational structures may also reveal the user's awareness of the criminal nature of content.

23. A person with appropriate familiarity with how a computer/device works can, after examining this forensic evidence in its proper context, draw conclusions about how the computer or device was used, the purpose of such use, who used them, and when. The process of identifying the exact files and other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer or other storage device is evidence may depend on other information stored on another device and the application of knowledge about how that device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

24. Further, in finding evidence of how a computer or device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

25. As noted above, not all evidence takes the form of documents and files that can be easily viewed. Analyzing evidence of how a computer has been used, what it has been used for,

and who has used it requires considerable time. As explained above, because the warrant calls for forensic electronic evidence, it is exceedingly likely that it will be necessary to thoroughly examine storage media to obtain evidence, and may require examination by assisting authorities at an offsite laboratory. Reviewing devices information for things described in the warrant can take weeks or months, depending on the volume of data stored.

26. Computers can be configured in several different ways, featuring a variety of different operating systems, application software, and configurations. This is true even for smartphone devices, which may require different forensic tools to access the content contained in the smartphone depending on the age or model of device. Therefore, it is possible that searching these computer devices may require tools or knowledge that might not be present at the search site (the Kansas ICAC), and may require review and examination in an off-site controlled environment with the proper tools and knowledge.

27. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying storage media that reasonably appear to contain some or all of the evidence described in the warrant, and would authorize a later review of the media or information consistent with the warrant. The later review may require techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of a hard drive to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

28. Based on the foregoing facts, there is probable cause to believe: Randy Sporn has operated one or more Twitter accounts involved in the trafficking or production of child pornography, in violation of 18 U.S.C. §§ 2251, 2252(a)(2), and 2252A(a)(2); that Randy Sporn has accessed these accounts using multiple digital devices; that Randy Sporn has done so over an extended period of time; that a digital device attributed to Randy Sporn (described in Attachment A) is likely to have been used to access to the accounts discussed herein; that Randy Sporn has used digital devices to possess and store child pornography, in violation of 18 U.S.C. §2252A(a)(5)(B); and that additional digital devices (described in Attachment A) attributed to Randy Sporn are likely to contain evidence of the possession of child pornography, in violation of 18 U.S.C. §2252A(a)(5)(B). Based on these facts, I submit the digital device, attributed to Randy Sporn and provided to law enforcement by his roommate, possession will likely contain evidence of his, and others, child pornography activities.

29.

Respectfully submitted,

John V. Ferreira
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me telephonically on 5-14-_____, 2021.

KENNETH G. GALE
UNITED STATES MAGISTRATE JUDGE

Page 12 of 16

## ATTACHMENT A

*Property to be searched/examined*

Black Amazon Kindle, Model No. 3HT7G, FOC ID: ZHS-1013 with a black plastic protective case

All currently located at the Kansas ICAC, located 1211 S. Emporia, Wichita, Kansas.

## ATTACHMENT B
*Property to be seized*

1. Any and all child pornography (as defined in 18 U.S.C. § 2256(8)), visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), in any format or medium, including computer files, prints, negatives, drawings, and paintings.

2. Any and all child erotica, in any format or medium, including documents, writings, and images or videos of children that do not qualify as child pornography but evince a sexual interest in children.

3. Any and all documents, records, or correspondence, in any format or medium, pertaining to operation of, or communication with, the Twitter accounts described in the attached affidavit, specifically including "mikeyfromtumblr1" and "Survivinglife8" and the User 9264 account (referenced in the affidavit of incorporated search warrants 21-6023-GEB and 21-6024-GEB).

4. Any and all software or programs or applications that may be or are used to:

   a. distribute, receive, possess or access child pornography or visual depictions of minors engaged in sexually explicit conduct;

   b. seek, obtain, store, or record information pertaining to the sexual exploitation of children or otherwise relate to an interest in child pornography, visual depictions of minors engaged in sexually explicit conduct, child erotica, or the sexual exploitation of children;

2

      c.   communicate with any other person regarding child pornography, visual depictions of minors engaged in sexually explicit conduct, child erotica, or the sexual exploitation of children; and

      d.   destroy or "wipe" evidence of child pornography activity.

5.   Any and all data or information on the device(s) which may reveal indicia of ownership, access, or use of the device, or the account and websites described in the attached affidavit (and referenced in the affidavit of incorporated search warrants 21-6023-GEB and 21-6024-GEB).

6.   Any and all notes, documents, records, correspondence, in any format and medium (including, but not limited to, letters, diaries, manifestos, manuals, email messages, chat logs, Tweets, and memes) pertaining to child pornography, visual depictions of minors engaged in sexually explicit conduct, child erotica, or the sexual exploitation of children, and to include any and all data or records that may reveal indicia of creation, use, or ownership of the notes, documents, records, or correspondence.

7.   Any and all records that concern any accounts with an Internet Service Provider.

8.   Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, envelopes, letters, papers, email messages, chat logs and electronic messages, and other digital data files) that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

9. Any and all records, documents, invoices and materials, in any format or medium that concern encryption, deletion, or destruction of evidence.

10. Any and all visual depictions of minors that may assist in the identification of minors depicted in images of child erotica or child pornography.

4